UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

CHARLIE BERNARD MACON,

        Plaintiff,                       Case No. 1:11-cv-1191

v.

                                           Honorable Gordon J. Quist

JOHN HOPKINS et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

### Factual Allegations

Plaintiff Charlie Bernard Macon presently is incarcerated at the Lakeland Correctional Facility. Plaintiff pleaded guilty to possession with intent to deliver between 50 and 449 grams of cocaine, MICH. COMP. LAWS § 333.7401(2)(a)(iii), arising out of conduct occurring

on January 30, 2009.[1] On January 25, 2010, he was sentenced to a prison term of 10 to 20 years. He sues Wayne County Police Officer John Hopkins, an unknown sergeant supervisor, and an unknown lieutenant supervisor.

Plaintiff complains that, on the date of his arrest, January 30, 2009, he was driving on the I-94 expressway when Defendant Hopkins pulled him over in a traffic stop. Plaintiff contends that he did not consent to a search of his vehicle, but Hopkins claimed consent had been given and conducted a search. Plaintiff states that he argued with Hopkins about searching the vehicle. During the search, Hopkins opened a closed, sealed box containing kitty litter. A search of the kitty litter revealed a ziplock bag that contained narcotics. After Hopkins found the narcotics, Plaintiff entered into another argument with Hopkins. Hopkins allegedly spun Plaintiff around with enough force to unbalance him and then handcuffed him and forced him into the back of the police cruiser. Hopkins allegedly made statements such as, "[Y]ou are all alike," and "[Y]our ass is going to jail." (Compl., docket #1, Page ID#4.) Plaintiff construed Defendant Hopkins' comments as racially derogatory remarks. Plaintiff alleges that Hopkins threatened him with additional abuse if he continued not to cooperate. Plaintiff asserts that he told Hopkins that the handcuffs were too tight, but Hopkins did not loosen them. Plaintiff does not allege a physical injury from the handcuffs.

Plaintiff contends that Hopkins violated his constitutional rights by making an unlawful search and seizure and by using excessive force in making the arrest. He claims that the unknown sergeant and unknown lieutenant are liable because they had supervisory responsibility over Hopkins and allegedly acquiesced in his unlawful actions. Plaintiff seeks compensatory and punitive damages.

---

[1] The information about Plaintiff's conviction was obtained from the Offender Tracking Information System maintained by the Michigan Department of Corrections. *See* http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=269718.

**Discussion**

    I.        Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating

federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Defendants (unknown) Sergeant and (unknown) Lieutenant

Plaintiff fails to make specific factual allegations against the unknown sergeant and lieutenant, other than his claim that they inadequately supervised Hopkins. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 129 S. Ct. at 1948; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948. Plaintiff has failed to allege that the unknown sergeant and unknown lieutenant engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

### B. Defendant Hopkins

Plaintiff claims that Defendant Hopkins violated his Fourth Amendment rights by conducting an illegal search of his vehicle and by using unreasonable force in arresting Plaintiff. To the extent that Plaintiff seeks monetary relief for alleged violations of his Fourth Amendment rights based on the reasonableness of Hopkins' search and subsequent seizure, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions*

*whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (emphasis in original). In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87 (footnote omitted). The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards*, 520 U.S. at 646-48 (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief).

Plaintiff's allegations about the reasonableness of the search were integral to his criminal conviction. "Fourth Amendment claims arising out of searches occurring prior to Plaintiff's guilty plea [are] precluded by *Heck v. Humphrey*, [512 U.S. at 487], on the grounds that a civil suit holding that these searches were improper would undermine the basis of Petitioner's guilty plea and sentence." *Jacob v. Twp. of West Bloomfield*, 531 F.3d 385, 388 (6th Cir. 2008); *see also Shamaeizadeh v. Cunigan*, 182 F.3d 391, 398-99 (6th Cir. 1999) (holding that, where an allegedly illegal search produced evidence used to obtain a conviction, the convicted cannot bring a § 1983 claim challenging the search until the conviction is overturned), *overruled in other part, Wallace v. Kato*, 549 U.S. 384, 393 (2007) (recognizing that *Heck* bars the pursuit of a Fourth Amendment arrest claim until the conviction is overturned, but concluding that the action accrues

at the time of the arrest). Therefore, Plaintiff's action is barred under *Heck* unless and until his criminal conviction has been invalidated.[2]

A court's dismissal of a claim on the basis that it is barred by *Heck v. Humphrey* is properly considered a dismissal under 28 U.S.C. § 1915(g) because it fails to state a claim on which relief can be granted. *See Morris v. Cason*, No. 02-2460, 2004 WL 1326066 (6th Cir. June 10, 2004) (a claim barred by *Heck* is properly dismissed for failure to state a claim); *Murray v. Evert*, No. 03-1411, 2003 WL 22976618 (6th Cir. Dec. 8, 2003) (same); *Harris v. Truesdell*, No. 03-1440, 2003 WL 22435646 (6th Cir. Oct. 23, 2003) (*Heck*-barred claim fails to state a claim and is frivolous).

Further, to the extent that Plaintiff challenges the reasonableness of Hopkins' use of force in handcuffing him during the arrest, he also fails to state a claim. By his own allegations, Plaintiff admits that he engaged in two verbal confrontations with Hopkins, once before and once after the search of the vehicle that revealed the presence of narcotics. He therefore acknowledges that he verbally resisted Hopkins during the search and seizure. In his only allegations of excessive force, Plaintiff alleges that Hopkins spun Plaintiff around, causing Plaintiff to become off-balance, and then handcuffed Plaintiff. Plaintiff alleges that the handcuffs were too tight and that Hopkins refused to loosen them.

"The Fourth Amendment prohibits unduly tight or excessively forceful handcuffing during the course of a seizure." *Morrison v. Bd. of Trs. of Green Twp.*, 583 F.3d 394, 401 (6th Cir. 2009). However, "[n]ot all allegations of tight handcuffing amount to excessive force." *Lyons v. City of Xenia*, 417 F.3d 565, 575 (6th Cir. 2005), *quoted in O'Malley v. City of Flint*, 652 F.3d 662,

---

[2] Moreover, to the extent that Plaintiff alleges that Defendant Hopkins was motivated to make the search and arrest by racial discrimination, Plaintiff's Fourth Amendment challenge would be meritless. As the Supreme Court has recognized, subjective intentions of the arresting officer "play no role in ordinary, probable-cause Fourth Amendment analysis. *Wren v. United States*, 517 U.S. 806, 813 (1996).

671 (6th Cir. 2011). In order to prove a violation of the Fourth Amendment in the application of handcuffs, a plaintiff must show three elements: (1) that he complained the handcuffs were too tight; (2) that the officer ignored the plaintiff's complaints; and (3) that the plaintiff experienced some physical injury resulting from the handcuffing. *O'Malley*, 652 F.3d at 671 (citing *Morrison*, 583 F.3d at 401). Although Plaintiff alleges the first two elements, he fails entirely to allege that he experienced physical injury resulting from the handcuffing. He therefore fails to state a Fourth Amendment claim for excessive force.[3]

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated: January 12, 2012                    /s/ Gordon J. Quist
                                           GORDON J. QUIST
                                           UNITED STATES DISTRICT JUDGE

---

[3] In addition, absent physical injury, a Plaintiff's claim for emotional injuries is barred by 42 U.S.C. § 1997e(e), which precludes any claim by a prisoner "for mental or emotional injury suffered while in custody without a prior showing of physical injury." *Id*.